IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA)

| | |
|---|---|
| GERMAN MARTINEZ<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>　　Plaintiff,<br><br>v.<br><br>CHINA KING CORPORATION<br>1123 Walker Road<br>Great Falls, Virginia 22066<br><br>SERVE: Hong-Hwa Lu<br>141 Spring Street<br>Herndon, Virginia 22070<br><br>　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff German Martinez ("Plaintiff"), by and through undersigned counsel, hereby files suit against China King Corporation ("Defendant"), and herein seeks unpaid wages, statutory damages, costs, and attorney's fees against Defendant for violations of Federal Fair Labor Standards Act ("FLSA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Falls Church, Virginia.

2. Defendant is a corporation formed under the laws of the Commonwealth of Virginia that operates several Chinese or Pan-Asian style restaurants in and around Northern Virginia.

3. Plaintiff hereby affirms his consent to participate as plaintiffs in a case seeking unpaid wages and damages under the FLSA and for all statutory relief sought in this action.

4. At all times, Defendant qualified as Plaintiff's "employer" and Plaintiff was Defendant's "employee" with rights, protections, and privileges under the FLSA.

5. At all times, Defendant used and sold products (food and drinks) in the operation of its business that crossed state lines and was otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times, Defendant had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times, Plaintiff handled goods and work tools (specifically food, drinks, and related kitchen products) that traveled across state lines and were otherwise individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question).

9. Based on the foregoing, venue and personal jurisdiction is proper in the United States District Court for the Eastern District of Virginia, Alexandria Division.

## FACTS

10. For the period of about 2002 through the present, Plaintiff has been employed by Defendant as a cook / kitchen employee at Defendant's China King V restaurant located at 7500 Leesburg Pike Falls Church, Virginia.

11. During the period of at least 2017 through the present, Plaintiff has worked the following approximate schedule:

| | | |
|---|---|---|
| Monday: | 10:00 AM - 9:30 PM (30 Minute Meal Break) | 11 Hours; |
| Tuesday: | 10:00 AM - 9:30 PM (30 Minute Meal Break) | 11 Hours; |
| Wednesday: | 10:00 AM - 9:30 PM (30 Minute Meal Break) | 11 Hours; |
| Thursday: | 10:00 AM – 9:30 PM (30 Minute Meal Break) | 11 Hours; |
| Friday: | 10:00 AM – 10:00 PM (30 Minute Meal Break) | 11.5 Hours; |
| Saturday: | 10:30 AM – 10:00 PM (30 Minute Meal Break) | 11 hours; |
| Sunday: | OFF | 0 Hours |

**TOTAL    66.5 Hours Per Week**

12. During the period of at least 2017 through the present, Defendant has paid Plaintiff a flat monthly salary in the total amount of $2,500.00.

13. During the period of at least 2017 through the present, Defendant paid Plaintiff wages by way of $250.00 in cash plus a check in the gross amount of $1,000.00 on the 1st of the month and payment of $1,250.00 in cash on the 16th of the month.

14. At no time during Plaintiff's employment has Defendant ever paid Plaintiff at the time-and-one-half rate required by the FLSA for overtime Plaintiff worked over forty (40) hours per week.

15. At all times throughout Plaintiff's employment, Defendant posted a Department of Labor publication at the restaurant that set forth in explicit terms that the FLSA requires that non-exempt employees like Plaintiff must be paid at the time-and-one-half rate for overtime worked over forty (40) hours per week.

16. At all times, Defendant had actual knowledge that the FLSA required that Plaintiff was owed overtime wages at the time-and-one-half rate for overtime Plaintiff worked for Defendant over forty (40) hours per week.

17. At all times, Defendant had actual knowledge that the rate and method by which it paid Plaintiff for overtime Plaintiff worked over forty (40) hours per week was in direct violation of the FLSA time-and-one-half overtime compensation requirement.

18. Defendant now owes Plaintiff his "half time" overtime premium wages for all overtime Plaintiff worked for Defendant's benefit in excess of forty (40) hours per week.

19. Based on information and belief, for the period 2017 through the present, Defendant owes Plaintiff unpaid overtime wages in the amount of about twenty thousand dollars ($20,000.00).

20. Pursuant to the statutory damages liquidated damages provision of the FLSA, for the period 2017 through the present, Defendant owes Plaintiff (i) unpaid overtime wages in the amount of about twenty thousand dollars ($20,0000.00), plus (ii) statutory liquidated damages in an equal amount ($20,000.00), plus payment of Plaintiff's attorney's fees and costs.

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act - Overtime)

21. Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

22. As set forth above, Defendant failed to compensate Plaintiff at the FLSA required time-and-one-half rate for all overtime hours Plaintiff worked over forty (40) hours per week while in Defendant's employ.

23. Defendant's failure to pay Plaintiff as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for all unpaid overtime wages in the amount of Twenty Thousand Dollars ($20,000.00) or such other amount to be proven at trial, plus an equal amount in liquidated damages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(240) 839-9142 (fax)
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*