## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between GERMAN MARTINEZ ("Plaintiff") and CHINA KING CORPORATION ("Defendant"). Plaintiff and Defendant are collectively referred to herein as the "Parties."

WHEREAS, Plaintiff have filed a lawsuit against Defendant alleging unpaid wages and other acts and/or omissions in violation of the Federal Fair Labor Standards Act ("FLSA") in the United States District Court for the Eastern District of Virginia (Case No. 1:20-cv-00211) (the "Claims"); and

WHEREAS, Defendant denies all liability to Plaintiff in connection therewith; and

WHEREAS, the Parties wish to settle all claims and all differences between them fully and finally on an amicable basis and without there being a trial or adjudication of any issue of fact or law; and

WHEREAS, the Parties acknowledge and agree that the matters to be litigated involve disputed issues of fact and law, as well as the amounts due, if any; and

WHEREAS, Plaintiff agrees to accept the sum total of TWENTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($27,500.00) (the "Settlement Amount") to settle all of Plaintiff's claims, including any and all claims for attorneys' fees, costs, expenses, liquidated damages, and/or equitable or legal relief; and

NOW, THEREFORE, in consideration of the prior recitals and the promises and acts stated below, the Parties agree as follows:

1. <u>Settlement Payments</u>.  In consideration for Plaintiff's execution of this Agreement and performance in accordance with its terms, Defendant agrees to pay the total Settlement Amount to be made delivered to Plaintiff's counsel, Zipin, Amster & Greenberg, LLC c/o Gregg C. Greenberg, Esq. 8757 Georgia Avenue, Suite 400, Silver Spring, Maryland 20910 on or before Friday, September 4, 2020. Within five (5) business days of Plaintiff's receipt of the full Settlement Amount, Plaintiff and Defendant will file a Joint Motion with the Court for the Court's Approval of this Agreement and dismissal of the Claims, with prejudice. Plaintiff's counsel shall not distribute Plaintiff's portion of the Settlement Amount until the Court has approved this Agreement and dismissed the Claims, with prejudice. Plaintiff understands and agrees that he will be responsible for paying income taxes arising out of his receipt of his portion of the Settlement Amount and shall be solely responsible for payment of all taxes arising out of his portion of the Settlement Amount.

2. <u>Release of Claims and Covenant Not to Sue</u>.

For and in consideration of the undertakings assumed and promises made pursuant to

this Agreement, the Parties, for themselves, their representatives, heirs, assigns hereby forever waive, release, discharge, and covenant not to sue, completely, finally, and absolutely, the Opposite Parties, as well as all of their direct and indirect corporate parents, subsidiaries, affiliates, divisions, and its and their respective officers, directors, owners, shareholders, founders, members, executors, administrators, beneficiaries, heirs, trustees, representatives, employees, assigns, agents, attorneys, consultants, and successors, to the extent they exist ("Releasees"), from any and all asserted and unasserted claims, controversies, actions, causes of action, demands, debts, liens, contracts, agreements, promises, representations, torts, rights, costs, damages, losses, obligations, judgments, or liabilities of any nature at law or in equity, past or present, whether or not now or heretofore known, suspected, or claimed, that either Party may have against the Releasees arising out of any facts or circumstances that occurred before the date on which the Parties execute this Agreement. Notwithstanding the foregoing, nothing in the foregoing release shall prevent Plaintiff from cooperating in any investigations or proceedings conducted by the National Labor Relations Board, Equal Employment Opportunity Commission, Department of Labor, or any similar agency tasked with investigating allegations of employment discrimination or other misconduct; however, Plaintiff waive any rights he may have to recover money damages, other compensation, or other personal relief resulting from any such investigation or proceeding and, consistent herewith, are precluded from doing so.

***THE PARTIES UNDERSTAND AND AGREE THAT THE FOREGOING RELEASE IS A MUTUAL GENERAL RELEASE OF ALL CLAIMS***

3. <u>Denial of Liability</u>. Defendant denies liability for any claims made by Plaintiff, and this Agreement does not constitute an admission of liability by Defendant but rather is entered solely for the purpose of settling disputed matters.

4. <u>Non-Publication and Related Representations</u>.

(a) Accept as is necessary to facilitate Court approval of this Agreement, Plaintiff agrees to refrain from any and all public disclosures of the existence of and terms of this Agreement, as well as his allegations against Defendant, and the negotiations leading to this Agreement. Plaintiff represents he will not disclose the terms of the settlement except with his attorneys and his immediate family, and shall not discuss or disclose the terms of this settlement with or to any other persons except, if necessary, to tax advisors for tax reporting purposes. Plaintiff agrees to notify Defendant promptly in writing if at any time a request or demand of any kind is made to his to disclose any information that he herein as agreed not to disclose. Defendant shall have the right, at its own cost, to intervene in any proceeding in which Plaintiff is being asked to disclose any confidential information

(b) The Parties agree that they will not in any manner disparage or denigrate the other to any third party, or to encourage any other individual to engage in such acts.

5. <u>Amendment and Modification</u>. This Agreement may be amended, modified, or supplemented only by written agreement of the Parties.

6. <u>Waiver of Compliance; Consents</u>.  Except as otherwise provided in this Agreement, any failure of any of the Parties to comply with any obligation, representation, warranty, covenant, agreement or condition herein may be waived by the Party entitled to the benefits thereof only by a written instrument signed by the Party granting such waiver, but such waiver or failure to insist upon strict compliance with such obligation, representation, warranty, covenant, agreement or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent failure. Whenever this Agreement requires or permits consent by or on behalf of any Party hereto, such consent shall be given in writing in a manner consistent with the requirements for a waiver of compliance as set forth in this paragraph.

7. <u>Authorization</u>.  Each Party expressly represents that the person executing this Agreement on his or its behalf has full power and authority to enter into, execute and fully perform this Agreement on behalf of said Party, and each of the Plaintiff further represents that he has not assigned any of his rights with respect to the Claims to any person or entity.

8. <u>Assignment</u>.  This Agreement shall be binding upon and inure to the benefit of each Party hereto as to their heirs, personal representatives, successors and permitted assigns; provided that neither this Agreement nor any of the rights, interests or obligations of Plaintiff may be assigned without the prior written consent of Defendant.

9. <u>Governing Law</u>.  This Agreement shall be governed by the laws of the Commonwealth of Virginia as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies.

10. <u>Severability</u>.  If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11. <u>Entire Agreement</u>.  This Agreement embodies the entire agreement and understanding of the Parties hereto in respect to the transactions contemplated by this Agreement. This Agreement supersedes all prior agreements and understandings between the Parties with respect to the transactions contemplated by this Agreement.

12. <u>Counterparts and Execution</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. Facsimile or e-signature / e-mailed copies shall be as valid as originals. Copies of this Agreement shall have the same force and effect as an original, and each of the Parties hereby expressly waives any rights to assert that such copies fail to comply with "the Best Evidence" Rule or any equivalent rule of law or evidence in any other jurisdiction.

13. <u>Representation by Counsel; No Adverse Construction</u>. The Parties acknowledge that they are represented by counsel of their choosing, have been fully advised of their rights, have read this Agreement and have had a full opportunity to review all of the terms of this Agreement with their counsel, and are entering into this Agreement of their own free will with a complete understanding of all terms set forth in this Agreement. The Parties and their respective counsel have reviewed this Agreement. Any usual rule(s) of construction requiring that ambiguities are to be resolved against a particular Party, or in favor of a particular Party, shall not be applicable in the construction of this Agreement. Insofar as this Agreement results from the joint drafting efforts of the Parties, there shall be no presumption against the drafter.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed and delivered by their duly authorized officers or representatives.

_____    Date: 8.14.20
**GERMAN MARTINEZ**

_____    Date: 8/18/2020
**CHINA KING CORPORATION**